PLEASANTS *v.* UNITED STATES.[1]

*(District Court, E. D. Virginia. March 12, 1888.)*

1. CLERK OF COURT—U. S. CIRCUIT COURT—FEES—REV. ST. U. S. §§ 2011–2014.
   Under Rev. St. U. S. §§ 2011–2014, providing for the opening of the circuit court not less than 10 days prior to a registration for election or prior to the election for member of congress, and continuing court until the day following the election, and section 828, allowing the clerk five dollars for attendance upon the court while actually in session,—the clerk is entitled to such fee for every day the court is in session, under those sections, and for his record of its proceedings.

---

[1] Affirmed by the circuit court, May 21, 1888. No opinion.

2. SAME—JURISDICTION—DISTRICT COURT.

    The district court has jurisdiction of a petition by the clerk of the circuit court for compensation for attendance thereon.

On Petition under Act of March 3, 1887.

*McLain Pleasants,* for petitioner.

*J. C. Gibson,* U. S. Dist. Atty., for the United States.

HUGHES, J. The facts set forth in the complainant's petition in this case are not contradicted, and I find them to be as follows: The complainant is the clerk of the circuit court of the United States for the Eastern district of Virginia. That court was directed by a written order of the district judge, under a designation from the circuit judge, to be opened from the 2d day of August, 1886, up to and including the 3d day of November, 1886, "for the transaction of all business arising under the act of congress entitled 'An act to amend an act approved May 31, 1870, entitled "An act to enforce the rights of citizens of the United States to vote in the several states of this Union, and for other purposes,"' approved February 8, 1871, and the act amendatory thereto, approved June 10, 1872." The court was opened as directed, and the clerk was present on each and every day in person. On presenting his account to the auditing officers of the treasury, for attendance on court for these 68 days, he was allowed compensation for 39 days, on which other business was transacted than such as is contemplated by the aforesaid act of congress. Of the remaining 29 days, he was allowed 12 *per diems* for attendance on the court "sitting as a supervising court," and disallowed 17 The complainant claims the fee allowed by law for attendance on those days, and for entering the orders opening and adjourning the court on those days.

The law applicable to these facts is found in section 2011, Rev. St., U. S. which provides that whenever a judge of a United States circuit court is informed by two or more citizens that a supervision of a registration for, or election of, a member of congress is desired, that judge shall cause his court to be opened not less than 10 days before the registration, or, if no registration be required, within not less than 10 days prior to the election. Section 2012 provides that when the court is so opened it shall proceed to appoint supervisors of election, and to revoke and renew these appointments from time to time. Section 2013 provides that the court so opened shall therefrom and thereafter be always open for the transaction of business under this title up to and including the day following the election. Section 2014 authorizes the circuit judge to delegate one of the district judges in his circuit to perform his duties under this title. Section 828 provides a fee to the clerk of five dollars per day for attendance on the court while actually in session.

From this statement of the law and the facts of this case I consider that the clerk is clearly entitled to his fee for attendance on the court when so opened, and for his record of its proceedings. And the court being of opinion that it has jurisdiction of the case, doth overrule the plea and demurrer of the defendants filed therein, and will sign a decree for the amount claimed.